## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

SEAN MARCUS COBB                                CIVIL ACTION

VERSUS                                          NO. 10-4556

RICHARD STALDER, ET AL                          SECTION "N" (6)

### REPORT AND RECOMMENDATION

      This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

      Upon review of the entire record, along with the parties' memoranda, the court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2).  Accordingly, it is recommended that the instant petition be **DENIED WITH PREJUDICE.**

# I. **PROCEDURAL HISTORY**[1]

On May 28, 1997, petitioner, Sean Marcus Cobb, presently incarcerated in the Avoyelles Correctional Center located in Cottonport, Louisiana, was charged by bill of information with possession of marijuana with intent to distribute. After trial on August 4, 1997, a twelve-member jury in Orleans Parish Criminal District Court found him guilty as charged. Petitioner was sentenced to an imprisonment term of five years. The State filed a multiple bill against petitioner, charging that petitioner had two prior convictions, a 1992 simple robbery conviction and a 1990 theft conviction.[2] Following a hearing, the district court found petitioner to be a third felony offender and sentenced him to serve 30 years at hard labor. The State filed a writ of certiorari, and the Louisiana Fourth Circuit Court of Appeal granted the writ, vacated the sentence, and remanded the case for resentencing on the grounds that the trial court had not complied with the requirements for imposing a sentence less than the legislatively-mandated life term. *State v. Cobb*, No. 1998-2303 (La. App. 4 Cir. July 17, 1998) (unpublished opinion). On September 9, 1998, the trial court again sentenced petitioner to serve 30 years at hard labor.

The State again objected and applied for a writ of certiorari which the

---

[1]A portion of the procedural history was taken from the Louisiana Fourth Circuit Court of Appeal's opinion, *State v. Cobb*, 761 So.2d 825 (Table), No. 1999-0764 (La. App. 4 Cir. Feb. 23, 2000) (unpublished opinion). A copy of the state appellate court's unpublished opinion is contained in the State rec., vol. 5 of 11.

[2]A copy of the multiple bill is contained in the State rec., vol. 1 of 11.

Louisiana Fourth Circuit granted.  Again the sentence was vacated, and the case remanded for resentencing.  *State v. Cobb*, No. 1998-2303 (La. App. 4 Cir. Oct. 23, 1998).  On December 14, 1998, the trial court once again sentenced petitioner to 30 years at hard labor.

Petitioner appealed to the Louisiana Fourth Circuit Court of Appeal, raising as his sole claim for relief that his 30-year sentence was unconstitutionally excessive.  Finding no merit to this claim, the Louisiana Fourth Circuit, on February 23, 2000, affirmed petitioner's conviction and sentence.  *State v. Cobb*, 761 So.2d 825 (Table), No. 1999-0764 (La. App. 4 Cir. Feb. 23, 2000) (unpublished opinion).  On March 23, 2001, the Louisiana Supreme Court denied petitioner's writ application, *State v. Cobb*, 787 So.2d 1009 (La. 2001), thereby rendering petitioner's conviction and sentence final.

On January 28, 2002, petitioner filed an application for writ of habeas corpus in the United States District Court for the Western District of Louisiana, raising the following claims for relief: 1) his 30-year sentence is unconstitutionally excessiveness; 2) his habitual offender sentence constitutes double jeopardy; and, 3) prosecutorial misconduct in connection with his habitual offender proceeding as prosecutors used invalid prior convictions to enhance his sentence.  (Rec. doc. 1).  On April 12, 2002, the matter was transferred to this court.[3]  On May 8, 2002, this court denied petitioner's motion to proceed in forma pauperis.[4]

---

[3] A copy of the April 12, 2002 transfer order is attached to rec. doc. 8 as appendix 17.

[4] A copy of the May 8, 2002 order denying pauper status is attached to rec. doc. 8 as appendix 18.

In February, 2003, petitioner filed an application for post-conviction relief with the state district court, arguing that his 30-year sentence was unconstitutionally excessive and that counsel provided ineffective assistance during the multiple bill hearing by failing to challenge the validity of his two prior offenses.[5]   Thereafter, a lengthy and complicated procedural history ensued.[6]   Ultimately, the trial court appointed petitioner counsel, the Tulane Law Clinic, which, on February 9, 2009, filed a supplement to petitioner's 2003 post-conviction application, arguing that petitioner received ineffective assistance of counsel during his multiple bill hearing because counsel failed to investigate his two prior convictions, failing to see that petitioner was not properly *Boykinized* in connection with his two prior guilty pleas.[7]   The State filed a response to the supplement, arguing that petitioner's claim was procedurally barred and that petitioner's claim lacked merit.[8]   On March 20, 2009, after conducting an evidentiary hearing, the state district court issued an order granting petitioner post-conviction relief, finding that petitioner had been denied effective assistance of counsel

---

[5]A copy of petitioner's post-conviction application is contained in the State rec., vol. 1 of 11.

[6]This procedural history, which is not germane to the issues at hand, is set forth on pp. 6-7 of the State's response (rec. doc. 21).

[7]A copy of petitioner's 2009 supplement is attached as appendix 6 to rec. doc. 8.  The State and petitioner agreed that the 2009 supplement would be a superceding document to all other post-conviction filings.

[8]A copy of the State's Response is contained in the State rec., vol. 10 of 11.

in connection with his multiple offender adjudication.[9] Specifically, the district court's March

20, 2009 order provided, in pertinent part:

1.  Mr. Cobb was prejudiced by trial counsel's deficient performance at the multiple bill hearing.  There is a reasonable probability that, but for counsel's unprofessional errors the result of the proceeding would have been different.

a.  There was only one reasonable defense available to Mr. Cobb [in connection with his multiple bill adjudication].  That defense involved challenging the constitutional validity of the prior convictions used to prove Mr. Cobb was a multiple bill offender. Defense counsel failed to investigate this claim and he failed to raise this defense.

b.  Had defense counsel investigated and objected to the use of the 1990 conviction, there is a reasonable probability that this Court would have found this conviction to be constitutionally infirm.

i.  The transcript of the 1990 conviction reflects that during the plea colloquy, the judge personally asked Mr. Cobb only one question - if his lawyer had gone over the *Boykin* rights in his plea form.

ii.  The transcript of the 1990 conviction reflects that the judge did not ask a single particularized question to determine Mr. Cobb's ability to knowingly, intelligently and voluntarily waive his rights.

iii.  Mr. Cobb was illiterate when he signed his plea form in 1990.

iv.  Mr. Cobb had a history of mental health issues

---

[9]A copy of the district court's March 20, 2009 order is attached as appendix 7 to rec. doc. 8 and is contained in the State rec., vol. 1 of 11.

at the time he signed his plea form in 1990.

v.  The transcript of the 1990 conviction reflects that the judge did not ask any questions regarding whether Mr. Cobb's mental health history had any effect upon his ability to knowingly, intelligently and voluntarily waive his *Boykin* rights.

c.  Based on the facts described above in (i)-(v), there is a reasonable probability that this Court would have found that Mr. Cobb's waiver of his *Boykin* rights was not knowing, intelligent and voluntary, and would have found the 1990 conviction is constitutionally invalid.

d.  Had defense counsel investigated and objected to the use of the 1992 conviction, there is a reasonable probability that this Court would have found this conviction to be constitutionally infirm.

i.  The transcript of the 1992 conviction reflects that Mr. Cobb was not informed of his right against self-incrimination.

ii.  Mr. Cobb was illiterate when he signed his plea form in 1992.

iii.  Mr. Cobb had a history of mental issues when he signed his plea form in 1992.

iv.  The transcript of the 1992 conviction reflects that the judge did not ascertain whether Mr. Cobb's mental health history had any effect upon his ability to knowingly, intelligently and voluntarily waive his *Boykin* rights.

e.  Based on the facts described above in (i)-(iv), there is a reasonable probability that this Court would have found that Mr. Cobb's waiver of his *Boykin* rights was not knowing, intelligent and voluntary, and would have found the 1992 conviction is

constitutionally invalid.

f.  Had defense counsel investigated and objected to the use of the invalid 1990 and 1992 convictions, the State would have been unable to use them as predicate offenses and Mr. Cobb would not have been a multiple bill offender.

g.  Mr. Cobb was sentenced to five years prior to his Multiple Bill hearing.

h.  Mr. Cobb's original five year sentence would have remained in effect but for his attorney's failure to investigate and present his only defense.

i.  Even if this Court were to have found only one of the convictions invalid, his sentencing exposure would have been fifteen to sixty years.

j.  At the time Mr. Cobb was sentenced, it was this Court's general practice to sentence non-violent offenders to the lower end of the sentencing range.

k.  Even if only one conviction was found to be invalid, there is a reasonable probability that given this Court's sentencing practices, Mr. Cobb would have received a sentence lower than the thirty years he received.

2.  Mr. Cobb's defense counsel's performance at his multiple bill hearing was deficient because:

a.  Counsel failed to investigate the constitutional soundness of Mr. Cobb's prior conviction from 1990.

b.  Defense counsel failed to object to the use of this constitutionally invalid prior conviction at the multiple bill hearing.

c.  Counsel failed to investigate the constitutional soundness of Mr. Cobb's prior conviction from 1992.

7

d.   Defense counsel failed to object to the use of this constitutionally invalid prior conviction at the multiple bill hearing.

The State sought supervisory review with the Louisiana Fourth Circuit Court of Appeal, arguing that the district court erred in overruling its procedural objection and that the district court erred in finding ineffective assistance of counsel.[10]   Petitioner replied, arguing that the state district court's decision was correct.[11]   On July 27, 2009, the Louisiana Fourth Circuit granted the state's writ, reversing the district court's ruling based upon the court's finding that petitioner's ineffectiveness claim was procedurally barred.   The court reasoned:

> Consideration of sentencing claims are barred post-conviction, as "La. Code Crim. Proc. art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides no basis for review of claims of excessiveness or other sentencing error post-conviction."   *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172.
> Relator cites *Rompilla v. Beard*, 545 U.S. 374, 125 S.Ct. 2456 (2005), arguing that the defense is allowed to raise the claim of ineffective assistance with respect to the multiple bill hearing.   However, the claim in *Rompilla* concerned counsel's ineffective assistance during the penalty phase of a murder trial.   In addition, posture of the claim was via a federal habeas petition, not an application for post conviction relief filed pursuant to La. C.Cr.P. art. 930.3, which this Court and the Louisiana Supreme Court have held prohibits consideration of sentencing claims including those of ineffective assistance of counsel during a multiple bill hearing.

_____

[10]A copy of the State's writ application is contained in the State rec., vol. 10 of 11 and is attached as appendix 8 to rec. doc. 8.

[11]A copy of petitioner's reply is contained in the State rec., vol. 8 of 11 and is attached as appendix 9 to rec. doc. 8.

*State v. Cobb*, No. 2009-0468 (La. App. 4 Cir. July 27, 2009) (unpublished opinion).[12]

Following the Louisiana Fourth Circuit's July 27, 2009 decision, petitioner sought rehearing, which the state appellate court denied.[13]   On November 5, 2010, the Louisiana Supreme Court denied petitioner's application for writ of certiorari without opinion. *State v. Cobb*, 50 So.3d 820 (La. 2010).

On December 16, 2010, petitioner paid his filing fee in connection with his original federal application for writ of habeas corpus and the matter was filed and assigned the above-captioned civil action number.   On December 22, 2010, after this court granted leave to do so, petitioner, through counsel, filed a supplement to his original application for writ of habeas corpus.   (Rec. doc. 8).   In his supplement, petitioner raises one claim in addition to his original claims of excessive sentence, double jeopardy, and prosecutorial misconduct. Petitioner argues that he received ineffective assistance of counsel at his multiple bill hearing because counsel failed to investigate his two prior convictions, thereby failing to recognize that petitioner was not properly *Boykinized* in connection with his two prior guilty pleas.

On May 5, 2011, the State filed its response (rec. doc. 21) to petitioner's habeas

---

[12]A copy of the state appellate court's July 27, 2009 unpublished opinion is contained in the State rec., vol. 8 of 11 and is attached as appendix 10 to rec. doc. 8.

[13]Petitioner's application for rehearing is attached as appendix 11 to rec. doc. 8 and the Fourth Circuit's denial of same is attached as appendix 12 to rec. doc. 8.

corpus application.[14]  In its response, the State concedes that petitioner's application is timely

filed, but argues that petitioner failed to exhaust his state court remedies as required under

*Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L.Ed.2d 379 (1982).  The State asserts that

petitioner, in the instant action, raises as his sole claim for relief that the state courts erred in

finding that his ineffective assistance of counsel claim was procedurally barred and, by virtue

of this finding, left petitioner without a state court remedy.  (Rec. doc. 21, p. 11).  According

to the State, because petitioner did not raise the above claim to the state district court and only

raised it to the state appellate court in connection with his application for rehearing, petitioner

has failed to exhaust his state court remedies.  *See Baldwin v. Reese*, 541 U.S. 27, 31-32

(2004) (To exhaust one's state court remedies, a petitioner must properly present his federal

habeas claim to each reviewing state court.).

       The court finds the State's argument to be without merit as it is based upon a

misinterpretation of petitioner's supplemental habeas petition (rec. doc. 8).  While a

substantial portion of petitioner's supporting memorandum is devoted to the argument that

the state appellate court erred in finding petitioner's ineffectiveness claim to be procedurally

barred, thereby leaving petitioner without a state court remedy, the underlying claim is that

---

[14]Thereafter, petitioner filed a motion (rec. doc. 25) for an extension of time to file a
reply to the State's response.  This court granted petitioner's motion (rec. doc. 26), then issued
an Order (rec. doc. 27) directing both parties to submit supplemental memoranda.  Accordingly,
the State has submitted a supplemental response (rec. doc. 29) and a supplemental memorandum
(rec. doc. 30), and petitioner has filed a supplemental memorandum and a reply to the State's
response (rec. doc. 31).

petitioner received ineffective assistance of counsel in connection with his multiple offender adjudication.  Accordingly, the court shall proceed to address the merits of petitioner's claims following its review of the applicable facts and standard of review.

## II.  <u>FACTS</u>

At or about 7:45 p.m. on Super Bowl Sunday, January 26, 1997, Trooper Troy McConnell and Sergeant Joe Lentini were working in the 400 block of Bourbon Street when they saw petitioner standing in a group of people and holding out his hand which contained two small bags.  The officers suspected the bags contained marijuana.  As they got close to him, they heard him say, "I have eight more to sell."  Trooper McConnell grasped petitioner's hand and retrieved the bags.  A pat down for weapons revealed more bags in petitioner's right vest pocket.  The small group that had surrounded petitioner quickly dispersed.

The parties stipulated that if the criminalist were to testify he would state that he tested the vegetable matter found on petitioner, and it proved to be marijuana.

Sean Cobb testified that he possessed marijuana on the day he as arrested, but he said that he was simply "[f]ixing to roll up a joint."  He denied trying to sell the drug.  Mr. Cobb stated that he and his three companions had pooled their money to buy the marijuana, and they planned to share it.  He admitted to having been convicted of possession of stolen property and simple robbery.

## III.  <u>STANDARD OF REVIEW</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact. *Provided that the state court adjudicated the claim on the merits*, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000) (emphasis added).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).   The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning.  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams[ v. Taylor*, 529 U.S. 362 (2000)]* that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding."
28 U.S.C. § 2254(d)(2); *see also Hill*, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

The above deferential standards, however, do not apply in a situation where the state court has denied the petitioner's claim on a procedural ground. *See Valdez v. Cockrell*, 274 F.3d 941, 946-948 (5th Cir. 2001) ("Section 2254(d)'s deference operates when the state court has adjudicated the petitioner's claim on the merits .... An 'adjudication on the merits' occurs when the state court resolves the case on substantive grounds, rather than procedural grounds."). Accordingly, because the Louisiana Fourth Circuit Court of Appeal dismissed petitioner's ineffectiveness claim on a procedural ground, the deferential standards set forth above do not apply to petitioner's ineffectiveness claim. *See Haley v. Cockrell*, 306 F.3d 257, 263 (5th Cir. 2002), vacated and remanded on other grounds, *Dretke v. Haley*, 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004) ("Because the state habeas court dismissed [petitioner's] claim on procedural grounds, the deferential standards under § 2254(d) do not apply.").

## IV. <u>ANALYSIS</u>

Petitioner asserts that he received ineffective assistance of counsel in connection with his multiple bill hearing due to counsel's failure to investigate the validity of his prior convictions. According to petitioner, had counsel made an adequate investigation, he would have ascertained that petitioner's prior convictions were not valid and, as such, petitioner would not have received a 30-year sentence. The State asserts that petitioner's claim in this

13

regard is procedurally barred under La.C.Cr.P. art. 930.3.

## A. **930.3 Procedural Bar**

As set forth above, the state district court granted petitioner post-conviction relief on his claim that he received ineffective assistance of counsel in connection with his multiple bill hearing due to counsel's failure to investigate the validity of his prior convictions. The Louisiana Fourth Circuit Court of Appeal, however, reversed the district court's decision, determining that petitioner's claim was procedurally barred based upon La.C.Cr.P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996).[15]

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Glover v. Cain*, 128 F.3d 900, 902

---

[15]Article 930.3 provides that relief will not be granted on post-conviction unless the petitioner shows that:

> (1) the conviction was obtained in violation of the state or federal constitution; (2) the court exceeded its jurisdiction; (3) the conviction or sentence subjected him to double jeopardy; (4) the limitations on the institution of the prosecution had expired; (5) the statute creating the offense for which he was convicted and sentenced is unconstitutional; (6) the conviction or sentence constitute ex post facto application of law in violation of the state or federal constitution; (7) the results of DNA testing performed proved by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.

*Lott v. Miller,* 2008 WL 4889650, *5 (E.D. La. Nov. 3, 2008) (Roby, MJ.), adopted (Africk, J.). In *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996), the Louisiana Supreme Court held that claims of excessive sentence or errors in sentencing are not proper grounds for post-conviction relief, but instead fall exclusively within the purview of the direct appeals process as per article 930.3.

(5th Cir.1997); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)).  This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review.  *Amos*, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim raised in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar.  *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.  When the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, it is presumed that the court relied upon the same grounds as the last reasoned state court opinion.  *Ylst v. Nunnemaker*, 501 U.S. 797, 802, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

For this state-imposed procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate.  A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar.  *Amos*, 61 F.3d at 338.  To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases.  *Glover*, 128 F.3d at 902.  A state procedural bar is presumptively adequate when the state court expressly relies on it in deciding not to review a claim for

collateral relief. *Id.*

In the instant situation, the Louisiana Fourth Circuit issued the last reasoned decision, clearly relying on Louisiana Code of Criminal Procedure article 930.3 and *Melinie* to find that petitioner's claim of ineffective assistance of counsel in connection with his multiple offender adjudication was barred from review because it was inappropriately raised on post-conviction review.[16]   As such, petitioner does not claim that the independence requirement has not been satisfied, but argues that the procedural bar in this instance does not satisfy the adequacy requirement.

### 1.  Adequacy of 930.3 Procedural Bar

The basis of petitioner's inadequacy argument is his claim that the 930.3/*Melinie* bar  has not been regularly followed or evenhandedly applied by the state courts in connection with claims of ineffectiveness in the context of a multiple offender adjudication.  In support of this claim, petitioner points to cases where the respective state courts have declined to consider on direct appeal a claim of ineffective counsel in a multiple offender adjudication, determining that such a claim should properly be brought in a post-conviction application. *See, e.g., State v. Bates*, 742 So.2d 1004, 1007-1008 (La. App. 5 Cir. 1999) ("The Louisiana

---

[16]Petitioner suggests that the Louisiana Fourth Circuit, in its July 27, 2009 decision finding petitioner's claim to be procedurally barred, "went as far as to note that the remedy Mr. Cobb was requesting was best sought via a federal habeas petition."  (Rec. doc. 8, p. 19). Petitioner's suggestion in this regard is incorrect.  A careful reading of the opinion, set forth *supra* at pp. 8-9, reflects that the state appellate court's reference to federal habeas review was made in the context of distinguishing a case, *Rompilla*, relied upon by petitioner, noting that in *Rompilla* the issue was brought via a federal habeas petition.

Supreme Court has held that a claim of ineffective assistance of counsel is most appropriately addressed through an application for post conviction relief rather than direct appeal ...."  "It is well settled, however, that where the record contains sufficient evidence to decide the issue, and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy."  Because the record does not contain sufficient evidence to adjudicate defendant's  ineffectiveness claims, "it is the opinion of this Court that the claim of ineffective assistance of counsel should be raised in an application for post-conviction relief."); *State v. Toca*, 769 So. 2d 665, 669-670 (La. App. 4 Cir. 2000) ("Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief ...."  The state appellate court declined to address on direct appeal defendant's ineffectiveness claims because the record did not contain the necessary evidence to adjudicate said claims.).  Thus, according to petitioner, he was caught in a proverbial "Catch-22".  He could not bring his claim that counsel was ineffective at his habitual offender adjudication on direct appeal because ineffectiveness claims are not allowed to be brought on direct appeal and he was precluded from bringing his claim on post-conviction because claims asserting a sentencing error are not allowed on post-conviction.  Thus, petitioner asserts that he "has no remedy for a clear violation of his constitutional rights."  (Rec. doc. 8, p. 14).

The State, in its response (rec. doc. 21, pp. 18-19), points out the following deficiencies  in the above argument.  First, there is no absolute requirement that claims of ineffective assistance of counsel in a multiple offender proceeding be brought in post-

conviction applications.  As the above case law makes clear, a state appellate court will, in the interest of judicial economy, generally address an ineffectiveness claim on direct appeal if the record contains sufficient evidence to address the claim.  In this case, the state court record did contain sufficient evidence as it contained copies of the *Boykin* transcripts associated with petitioner's prior convictions, available for review on direct appeal if the issue, that trial counsel had been ineffective in failing to investigate the constitutionality of petitioner's prior guilty pleas, had been raised.[17]  Further, there are numerous cases where state courts, on direct appeal, did, in fact, adjudicate claims of ineffective assistance of counsel in a multiple offender proceeding.  *See, e.g., State v. Smith*, 734 So. 2d 826, 834-835 (La. App. 4 Cir. 1997) (counsel was not ineffective for advising defendant to accept 15 year habitual offender sentence where record did not support claim that counsel had ever advised defendant to do so); *State v. Burns*, 723 So.2d 1013, 1016-1017 (La. App. 4 Cir. 1998) (counsel was not ineffective due to his failure to file motion to quash multiple bill and due to his acceptance of the State's witness as

_____

[17]The pertinent transcripts are contained in the State rec., vol. 1 of 11.  While petitioner's 1992 guilty plea colloquy refers to "Sean Hill" as the defendant, "Sean Hill" is an alias for Sean Cobb.  (*See* attached record from Avoyelles Correctional Center).

Petitioner asserts: "[T]he court records and the transcripts of the *Boykinizations* for the predicate priors were not in the record on appeal.  They were introduced at the evidentiary hearing on post-conviction and they form the basis for the trial court's determination that the predicate priors were constitutionally invalid and that Mr. Cobb had received ineffective assistance of counsel."  Rec. doc. 31, p. 16.  While this court agrees with petitioner that the pertinent *Boykin* transcripts form the basis of the trial court's finding that petitioner received ineffective assistance of counsel at his habitual offender adjudication, a review of the pertinent record reflects that petitioner is mistaken in his claim that the *Boykin* transcripts were not part of the state court record.

a fingerprint expert where record did not show how petitioner was prejudiced).[18]

A third deficiency in petitioner's claim that the *Melinie* bar does not satisfy the adequacy requirement is the fact that this court has repeatedly held that it does. *See Dedmond v. Cain*, 2005 WL 1578086, *8 (E.D. La. June 30, 2005) (Berrigan, J.) (*Melinie* and Article 930.3 deemed adequate and independent for purpose of procedurally barring petitioner's claim that he received ineffective assistance of counsel in connection with his multiple offender hearing due to counsel's failure to object to documents and testimony); *Lott v. Miller*, 2008 WL 4889650, *6 (E.D. La. Nov. 3, 2008) (Roby, MJ.), adopted (Africk, J.) (state court's reliance on 930.3 to bar petitioner's claim of ineffective assistance of counsel in connection with his multiple bill hearing deemed adequate and independent for purpose of barring federal habeas corpus review); *Richardson v. Cain*, 2010 WL 1838642, *11 (E.D. La. April 1, 2010)

---

[18]Petitioner concedes that it is presently the prevalent practice of Louisiana courts to address claims of ineffective assistance of counsel in a multiple offender adjudication on direct appeal due to the prohibition, under Article 930.3, against bringing such claims in a post-conviction application. *See State v. Cotton*, 45 So.3d 1030, 1031 (La. 2010) (*per curiam)* (claim that petitioner received ineffective assistance of counsel at habitual offender adjudication should properly have been brought on direct appeal as it is not cognizable on collateral review); *State v. Nelson*, No. 2010-1445 (La. App. 4 Cir. April 27, 2011) (unpublished opinion) (court addressed on direct appeal claim that counsel was ineffective in habitual offender hearing since said claim "is unavailable to Nelson as sentencing errors are not reviewable post conviction."). However, petitioner asserts that this fact is of no moment since it was not the standard procedure of Louisiana courts in 2000, when petitioner submitted his direct appeal. *See Wheat v. Thigpen*, 793 F.2d 621, 624-627 (5th Cir. 1986) (state procedural rule is not entitled to respect as an adequate and independent state ground unless the procedural rule was strictly and regularly followed at the time of defendant's direct appeal); *see also NAACP v. State of Alabama ex rel. Patterson*, 357 U.S. 449, 457-458, 78 S.Ct. 1163, 1169, 2 L.Ed. 2d 1488 (1958). Petitioner's assertion in this regard, however, rings hollow in light of the above cited pre-2000 cases where Louisiana courts addressed on direct appeal ineffectiveness claims in connection with habitual offender hearings.

(Roby, MJ.), adopted, 2010 WL 1837924 (E.D. La. May 3, 2010) (Vance, J.) (*Melinie* and Article 930.3 deemed adequate and independent to procedurally bar petitioner's claim that "counsel was ineffective for failure to investigate and challenge the convictions in the multiple bill"); *Mead v. Cain*, 2010 WL 3488187, *1-3 (E.D. La. Aug. 26, 2010) (Berrigan, J.) (*Melinie* and Article 930.3 determined to be adequate and independent to procedurally bar petitioner's claim that counsel was ineffective during petitioner's multiple offender hearing in failing to challenge the predicate pleas and require State to prove that prior pleas were knowingly and intelligently made).

In his supplemental memorandum (rec. doc. 8, p. 15), petitioner cites *Williams v. Cain*, 2008 WL 294553 (E.D. La. Jan. 31, 2008) (Berrigan, J.), for the proposition that the Eastern District of Louisiana has found that *Melinie* does not bar a petitioner "on post-conviction from raising a claim of ineffective assistance of counsel for errors that occurred at sentencing and that such a reading would be untenable since it would prevent a person from claiming that his sentence was obtained in violation of the United States Constitution." (Rec. doc. 8, p. 15). However, a close reading reflects that *Williams* does not stand for the proposition touted by petitioner. The *Williams* court did not reject the notion that Article 930.3 and *Melinie* are independent and adequate for the purpose of barring federal habeas review of a petitioner's claims that the State produced insufficient evidence to prove him a multiple offender and that he was provided ineffective assistance of counsel when counsel failed to object to the insufficient evidence. Instead, Judge Berrigan provided that **"*if* petitioner's**

claims here do meet an exception to the procedural bar, this Court would find that his [claims] have no merit and should be dismissed." *Williams*, 2008 WL 294553 at \*7 (emphasis added).

Similarly, in *Green v. Cain*, 1998 WL 259970 (E.D. La. May 19, 1998) (Berrigan, J.), another case relied upon by petitioner, the court did not find that the *"Melinie* procedural bar" did not constitute an adequate state procedural bar. Just the opposite is true. Judge Berrigan, in determining the adequacy requirement had been met, provided: "There is no suggestion that the *Melinie* bar has not been evenhandedly applied. Accordingly, this Court finds that Article 930.3 is adequate to bar federal review of the petitioner's defaulted claim." *Id*.[19]

A final case relied upon by petitioner is *Lee v. Cain*, 2007 WL 2751210, \*9 (E.D. La. Sept. 18, 2007) (Knowles, MJ.), adopted (Engelhardt, J.) (emphasis original), where the court stated that "it is arguably debatable whether *Melinie* is an adequate basis to support a federal procedural bar of an *ineffective assistance of counsel* claim."[20]   However, as in *Williams*, *supra*, the court's statement in this regard was *dicta* in that the court ultimately determined that it need not decide the adequacy issue since "petitioner's ineffective assistance

---

[19]As discussed *infra*, an independent and adequate state procedural default does not bar federal habeas review if there is "cause" for petitioner's failure to satisfy the state procedural requirement and if petitioner can show "prejudice". The *Green* court ultimately determined that petitioner had cause for failing to comply with Article 930.3 and that he had been prejudiced. This portion of *Green* will be analyzed when the court reaches the "cause and prejudice" issue.

[20]The court's statement in this regard was based upon the fact, as discussed above, that state courts generally find that ineffective assistance of counsel claims should be brought in post-conviction applications.

of counsel claim clearly fails on the merits ...." *Id.*[21]

Based upon the fact that numerous judges in the Eastern District of Louisiana have determined that a state court's application of the *Melinie* procedural bar to a petitioner's claim that he received ineffective assistance of counsel in connection with his habitual offender adjudication, constitutes an adequate bar for the purpose of precluding federal habeas review,[22] as compared with two cases where the application of the *Melinie* bar was questioned in *dicta*,[23] this court finds that the Louisiana Fourth Circuit's application of Melinie constitutes an independent and adequate procedural bar for the purpose of precluding federal habeas review.

### 2.  Cause and Prejudice

The above finding, however, does not end this court's procedural default analysis.  A federal habeas petitioner may be excepted from the procedural default rule if he can show "cause" for his default and "prejudice" as a result of the procedural default.  *Glover*, 128 F.3d at 902 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262; *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)).

---

[21]In addition to relying on *Williams, Green,* and *Lee* in support of his inadequacy argument, petitioner points to numerous cases where the courts have either addressed the merits of a petitioner's ineffective assistance of counsel at a multiple bill hearing claim or found the claim time-barred without addressing "the art. 930.3 /*Melinie* bar".  *See* rec. doc. 31, p. 8, footnotes 48 and 49 and pp. 9-11.  However, none of the cited cases involved situations where the respective petitioner's ineffectiveness claim was procedurally barred by the state court, hence the reason why "the art. 930.3/*Melinie* bar" was not discussed on federal habeas review.

[22]*See Dedmond*, *supra*; *Lott, supra*; *Richardson*, *supra*; *Mead*, *supra*; and, *Green*, *supra*.

[23]*See Williams*, *supra*, and *Lee*, *supra*.

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The mere fact that petitioner failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id*. at 486.

In this case, petitioner argues that he satisfies the "cause" requirement because his failure to raise his ineffective assistance of trial counsel during his habitual offender proceeding on direct appeal is attributable to the ineffectiveness of his appellate counsel. (*See* rec. doc. 31, p. 23).

An ineffective assistance of counsel claim can in some circumstances serve as a cause to overcome a procedural bar. *See Murray*, *supra*. However, the ineffective assistance of counsel claim cannot do so if it is itself procedurally defaulted. In such circumstances, the petitioner must first also show "cause and prejudice" for the defaulted ineffective assistance of counsel claim. *See Edwards v. Carpenter*, 529 U.S. 446, 452-453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).

It is undisputed that petitioner never raised his claim of ineffective assistance of appellate counsel with the state courts. As such, he has failed to exhaust his state court remedies as required under *Rose v. Lundy, supra*, and any attempt to do so at this point would

be procedurally barred as untimely under La.C.Cr. P. Art. 930.8.[24]  *See Mays v. Cain*, 2011 WL

2295173, *4 (E.D. La. June 9, 2011) (Lemelle, J.) ("[A] procedural default occurs when a

prisoner fails to exhaust available state remedies, and "the court to which the petitioner would

be required to present his claims in order to meet the exhaustion requirement would now find

the claims procedurally barred.'  *Coleman v. Thompson*, 501 U.S. at 735 n.1; *Nobles v.

Johnson*, 127 F.3d 409 (5th Cir. 1997).").  As petitioner has made no showing of "cause and

prejudice" in connection with the procedural default of his ineffective assistance of appellate

counsel claim, the court finds that said claim cannot be used as a basis for cause in petitioner's

effort to overcome the procedural default of his claim of ineffective assistance of trial counsel

during his habitual offender adjudication.[25]

         "The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice'

exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466,

---

[24]Article 930.8, as it existed at the time petitioner was convicted, provided petitioners
with three years from the date their convictions and sentences became final to timely seek post-
conviction relief.  Effective August 15, 1999, La.C.Cr.P. art. 930.8 was amended, shortening the
time limit for seeking post-conviction relief from three years to two years.  *See State v. Mickel*, 864
So.2d 661, 663 (La. App. 5 Cir. 2003) (citing 1999 La. Acts 1262).

[25]The decision in *Green*, 1998 WL 259970 at *2, where the court found that the
petitioner had satisfied the "cause" requirement, provides no assistance to petitioner in the
instant matter. The court's finding in *Green* was based upon the fact that petitioner had
raised a challenge to his sentencing on direct appeal and the state appellate court had
procedurally barred it.  In this case, the only claim raised by petitioner on direct appeal
was excessiveness of his sentence, the basis of which was not the alleged
unconstitutionality of his prior convictions, and the Louisiana Fourth Circuit addressed
the merits of petitioner's excessiveness claim.  *See Cobb*, No. 1999-0764.

497 (5th Cir.1997) (citing *Engle*, 456 U.S. at 134 n. 43).  Having failed to show an objective

cause for his default, the court need not determine whether prejudice existed.  *Ratcliff v.*

*Estelle*, 597 F.2d 474 (5th Cir.1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th

Cir.1977)).

### 3.  Fundamental Miscarriage of Justice/Actual Innocence

Based upon petitioner's failure to show the requisite "cause", his ineffectiveness

claim is procedurally barred from review by this federal habeas corpus court absent a showing

that a fundamental miscarriage of justice will occur if the merits of the claim are not reviewed.

*Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 120

L.Ed.2d 269 (1992)).  "The Supreme Court has held this exception applicable to procedurally

defaulted claims, stating that where 'a constitutional violation has probably resulted in the

conviction of one who is actually innocent, a federal habeas court may grant the writ even in

the absence of a showing of cause for the procedural default."  *Smith v. Collins*, 977 F.2d 951,

958 (5th Cir. 1992), *cert. denied*, 510 U.S. 829, 114 S.Ct. 97, 126 L.Ed.2d 64 (1993) (quoting

*Carrier*, 477 U.S. at 496).

The actual innocence exception has been extended by the Supreme Court to a

petitioner's claim challenging the constitutionality of his sentence in the context of a capital

trial.  *See Sawyer*, 505 U.S. at 339-346; *Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661,

91 L.Ed.2d 434 (1986).  In *Smith*, the Court recognized that actual innocence "does not

translate easily into the context of an alleged error at the sentencing phase of a trial on a capital

offense." *Id.*  In *Sawyer*, the Court determined "that to show 'actual innocence' one must show

by clear and convincing evidence that but for a constitutional error, no reasonable juror would

have found the petitioner eligible for the death penalty under the applicable state law." *Id.*, 505

U.S. at 336.

  The question as to whether the actual innocence exception extends to claims of

constitutional error in the sentencing phase of a noncapital case has not been addressed by the

United States Supreme Court.[26]  Nor has the issue been addressed on the merits by the United

States Fifth Circuit Court of Appeals.[27]  The issue, however, has been decided on the merits

by other circuit courts.  The Eighth Circuit and the Tenth Circuit have determined that the

actual innocence exception does not extend to sentencing errors in noncapital cases.  *See*

*Embrey v. Hershberger*, 131 F.3d 739 (8th Cir. 1997) (en banc), *cert. denied*, 525 U.S. 828, 119

---

[26]In *Dretke v. Haley*, 541 U.S. 386, 388, 124 S.Ct. 385, 157 L.Ed.2d 274 (2004), the Court specifically declined to answer the question, holding instead that the lower courts erred in addressing the issue without first considering "alternative grounds for relief ... that might obviate any need to reach the actual innocence question ...."

[27]In two cases the Fifth Circuit, in *dicta*, commented on the matter.  *See Collins*, 977 F.2d at 959 ("Assuming, without deciding, that the actual innocence exception can extend, in the abstract, to non-capital sentencing procedures ...."); *Sones v. Hargett*, 61 F.3d 410, 419 n. 16 (5th Cir. 1995) ("We note that this Circuit has never explicitly held that the actual innocence standard can extend to non-capital sentencing procedures, an issue the Supreme Court has not yet addressed ....  We ... decline to resolve this issue and merely assume, *arguendo*, the applicability of the actual innocence standard to non-capital sentencing.").  In *Haley v. Cockrell*, 306 F.3d 257, 264 (5th Cir. 2002), the court did reach the issue, providing that "the actual innocence exception applies to noncapital sentencing procedures involving a career or habitual felony offender."  However, the Supreme Court vacated the decision, determining, as noted above, that the court erred in reaching the issue without first considering petitioner's "alternative grounds for relief".  *See Dretke*, 541 U.S. at 388.

S.Ct. 78, 142 L.Ed.2d 61 (1998); *Reid v. Oklahoma*, 101 F.3d 628 (10th Cir. 1996), *cert.*

*denied*, 520 U.S. 1217, 117 S.Ct. 1707, 137 L.Ed.2d 832 (1997).  The Second Circuit and the

Fourth Circuit have provided that the actual innocence exception can be applied in the context

of sentencing errors in noncapital cases.  *See Spence v. Superintendent, Great Meadow*

*Correctional Facility*, 219 F.3d 162 (2nd Cir. 2000);  *United States v. Maybeck*, 23 F.3d 888

(4th Cir. 1994).[28]  However, as shown below, the Second Circuit and Fourth Circuit cases do

not support Mr. Cobb's assertion that by virtue of the actual innocence exception, he has

overcome the procedural default of his ineffective assistance of counsel claim.

In *Spence*, the petitioner was acquitted of committing the crime that was used to

enhance his sentence in connection with an earlier robbery charge to which he had pled

guilty.[29]  Because Spence was late in challenging his enhanced sentence in state court, his

claim was procedurally barred in the state court system.  In determining whether the actual

innocence exception should be applied in Mr. Spence's noncapital case to overcome his

---

[28]The Fourth Circuit later limited its holding in this regard to situations where the error takes place in the context of a recidivist enhancement.  *See United States v. Mikalajunas*, 186 F.3d 490, 494-495 (4th Cir. 1999), *cert. denied*, 529 U.S. 1010, 120 S.Ct. 1283, 146 L.Ed.2d 230 (2000).

[29]Mr. Spence's robbery sentence was enhanced based upon a later criminal act, another charged robbery, which was deemed to be a violation of the terms of his earlier plea agreement pursuant to which a one-year period of supervised release had been imposed.  The original supervised release sentence, with the promise of probation upon successful completion of the supervised relief, was enhanced, based upon the subsequent robbery charge, to eight and one-third to 25 years imprisonment.  Following a trial in connection with the later robbery charge, Spence was found to be innocent.  *See Spence*, 219 F.3d at 165-166.

procedural default, the Second Circuit examined the Supreme Court's application of the exception in a capital sentencing case.

> In the context of capital sentencing, the Supreme Court has set a high hurdle for a petitioner to show a fundamental miscarriage of justice based on actual innocence. It held that "to show 'actual innocence' one must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty...." *Id.* at 336, 112 S.Ct. 2514; *see also Calderon v. Thompson,* 523 U.S. 538, 559-60, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (clarifying that the "clear and convincing" standard applies to show actual innocence in sentencing, where a lower standard is required to show actual innocence of the crime itself).

*Spence*, 219 F.3d at 172.

Thereafter, employing the above "demanding standard of proof", the Second Circuit determined:

> [O]ur inquiry is then whether, by clear and convincing evidence, defendant has shown that he is *actually innocent of the act on which his harsher sentence was based. See Sawyer,* 505 U.S. at 348, 112 S.Ct. 2514; *Smith v. Collins,* 977 F.2d at 959. *Where a petitioner shows by clear and convincing proof that he is actually innocent of the conduct on which his sentence is based, the incarceration is fundamentally unjust and the miscarriage of justice exception to the procedural default bar applies.*

*Id*. (emphasis added).

Similarly, in *Maybeck*, the petitioner's enhanced sentence was based on a crime he did not commit. Specifically, his sentence was enhanced based upon his alleged conviction of armed burglary, when, in actuality, he had been convicted of third degree burglary. Based upon the fact that Maybeck did not commit the crime on which his enhancement was based,

28

the Fourth Circuit applied the actual innocence exception to Maybeck, determined that he was actually innocent of the act upon which his present sentence was based, and remanded the matter to the district court for resentencing.  *Maybeck*, 23 F.3d at 894.  *See also United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir.), *cert. denied*, __ U.S. __, 131 S.Ct. 620, 178 L.Ed.2d 454 (2010) (To succeed on actual innocence grounds in the context of a sentencing error in a noncapital case, "'a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., *that petitioner did not commit the crime of which he was convicted*; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent.' *Mikalaunas*, 186 F.3d at 494.  Furthermore, the 'movant must show actual innocence by clear and convincing evidence.' *Id.* at 493. [Emphasis added]).

In the instant matter, there has been no suggestion that petitioner is actually innocent of the acts, simple robbery and theft, on which his enhanced sentence is based.  Thus, assuming that the Second Circuit and the Fourth Circuit are correct and the actual innocence exception is applicable to alleged sentencing errors in noncapital cases, petitioner cannot avail himself to this exception to overcome his procedural default because he has made no showing that he is actually innocent of the acts upon which his enhanced sentence is based.

### B. **Remaining Claims**

As noted earlier, in his original pro se habeas application (rec. doc. 1), petitioner asserted that his 30-year sentence was excessive, that his habitual offender sentence constitutes

a violation of his protection against double jeopardy, and that there was prosecutorial misconduct in connection with his habitual offender proceeding as prosecutors used invalid convictions to enhance his sentence.[30]

### 1.  Excessive Sentence

In connection with excessiveness of sentencing claims, the Supreme Court has specifically rejected the principle that the Eighth Amendment contains a proportionality guarantee.  *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).  If a sentence is within the statutory limits, a federal habeas court will not upset the terms of that sentence unless it is so disproportionate to the offense as to be completely arbitrary and shocking.  *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975); *see also Smallwood v. Johnson*, 73 F.3d 1343, 1347 (5th Cir. 1996) (emphasizing that a federal court will not review a state sentencing without a threshold showing that the sentence is "grossly disproportionate to the offense").

In the instant matter, as the Louisiana Fourth Circuit noted in addressing petitioner's excessiveness claim on direct appeal, petitioner's 30-years sentence was below "the life term without benefit of parole, probation or suspension of sentence mandated by La. R.S. 15:529.1(A)(2)(b)(ii)."  *Cobb*, No. 99-KA-0764, p. 3.  In determining that 30 years was not

---

[30]A review of petitioner's original habeas application (rec. doc. 1) reflects that petitioner sets forth no arguments in support of these claims.  While petitioner refers the court to an "attached memorandum", no memorandum is attached to his original petition.

excessive, the state appellate court provided:

> In giving reasons for imposing the thirty year sentence, the trial court looked at the defendant's personal history and found many mitigating factors. The defendant's criminal history was mentioned in that he is a triple offender at age twenty-seven and he had a juvenile record. Additionally, ... his record indicates he has had fourteen felony arrests and twenty-one misdemeanor arrests in the few months he has been out of jail since he has been an adult. Furthermore, one of the defendant's prior felony offenses — simple robbery — is a crime of violence under La. R.S. 14:2(13)(y). (He was charged with armed robbery and pleaded guilty to simple robbery). Given the defendant's record, it is clear that he needs a long term custodial environment, and there is a definite risk of his committing another crime if he is not incarcerated. The trial court determined thirty years was the proper length of incarceration in this case, and this Court does not find that the term is excessive.

*Cobb*, No. 99-KA-0764, pp. 4-5.

This court finds that the above reasoning does not represent an unreasonable application of clearly established law.[31]

## 2. Double Jeopardy and Prosecutorial Misconduct

As with his ineffective assistance of appellate counsel claim, petitioner failed to raise his double jeopardy and prosecutorial misconduct claims before the state courts. As such, petitioner has failed to exhaust his state court remedies with respect to his allegations of double jeopardy and prosecutorial misconduct associated with his multiple bill adjudication. If petitioner attempted to exhaust his state court remedies at this point, his double jeopardy and

---

[31]Because the last state court addressing the excessiveness issue ruled on the merits, the deferential standard of review set forth in 28 U.S.C. § 2254(d) is applicable.

prosecutorial misconduct claims would be procedurally barred as untimely.[32] As petitioner has made no showing of "cause and prejudice" with respect to his procedural default and, as discussed above, petitioner has not shown "actual innocence" in connection with his multiple offender adjudication, he has failed to overcome the procedural default of his double jeopardy and prosecutorial misconduct claims. Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Sean Marcus Cobb, be **DENIED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United*

---

[32]*See* discussion *supra* at pp. 23-24.

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[33]

New Orleans, Louisiana, this __2nd__ day of _____August_____, 2011.

_____
LOUIS MOORE, JR.

United States Magistrate Judge

---

[33]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.

33